CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
JENNIFER A. McALLISTER, ESQ., SBN 283440
Mail: P.O. Box 262490
San Diego, CA 92196-2490
Deliveries: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
JenniferM@potterhandy.com

Attorney for Plaintiff SAMUEL LOVE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>          Plaintiff,<br><br>v.<br><br>TIRUPATI INVESTOR ENTERPRISES, INC., a California Corporation; and Does 1-10,<br><br>          Defendant. | **Case:** 5:18-CV-00834-DMG-PLA<br><br>**DISCOVERY MATTER**<br><br>**Plaintiff's Points and Authorities in Support of Motion:**<br><br>**(1) Compelling Initial Disclosures;** or, in the alternative,<br>**(2) For an Order Excluding Non-Disclosed Witnesses and Documents;** and,<br>**(3) Seeking Rule 37 Sanctions.**<br><br>**Date:** September 12, 2018<br>**Time:** 10:00 a.m.<br>**Courtroom:** 780<br>**Magistrate Judge:** Hon. Paul L. Abrams |

## I. BRIEF STATEMENT OF ISSUES PRESENTED

Whether, and in what form, Defendant should be sanctioned for their failure to serve Initial Disclosures under Federal Rules of Civil Procedure rule (26)(a)(1).

## II. RELEVANT FACTS

Plaintiff is a California resident with physical disabilities. Complaint ¶1; ECF-11. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility. Ibid. Defendant was the owner/operator of the property which is the subject of this lawsuit. Id. at ¶¶ 2-5. Plaintiff visited this property in March, 2018, and was denied access by virtue of the inaccessible conditions he encountered. Id. at ¶¶ 10-35.

**1.** On June 7, 2018, Plaintiff's counsel Phyl Grace conducted a Rule 26 meeting with defense counsel Frank Alan Weiser. Among other topics of discussion, Ms. Grace and Mr. Weiser agreed to exchange Initial Disclosures on or before June 21, 2018. Declaration of Jennifer McAllister (hereinafter "McAllister Dec.") at ¶2. On June 8, 2018, the Plaintiff's counsel filed a Joint Report with the Court. As per the Joint Report the parties agreed to exchange Initial Disclosures by June 21, 2018. Id. at ¶3; Exhibit 1; ECF-23. Plaintiff served his Initial Disclosures on June 18, 2018. Id. at ¶5; Exhibit 2. Defendant has not yet served its disclosures or responded to Plaintiff's meet and confers attempts. Id. at ¶9.

### A. Attempts at a Meet and Confer

As required by the Federal Rules of Civil Procedure rule 37(a)(1) and Central District Local Rule 37-1, Plaintiff has made efforts to meet and confer with Defendant. On July 2, 2018, Plaintiff's counsel sent a letter to Defendant. McAllister Dec. at ¶7. In this letter, Plaintiff announced his intention to meet and confer regarding the missing disclosures. Ibid. Exhibit 3. To that end, Plaintiff requested either service of the disclosures or that Defendant provide a convenient time to meet and confer regarding the same. Ibid. Exhibit 3. As of this date, Defendant has neither served Initial Disclosures nor responded to Plaintiff's counsel's correspondence. Id. at ¶9.

B. **No Joint Stipulation Required**

Applicable Local Rules require the moving and non-moving parties to confer in good faith ahead of a discovery motion and in an effort to resolve the underlying dispute. Should the parties be unable to reach an agreement after the meet and confer, they are to prepare a Joint Stipulation regarding the discovery dispute. However, Local Rule 37-2.4(a) waives this requirement where there is a "… declaration from counsel for the moving party establishing that opposing counsel… failed to confer in a timely manner in accordance with Local Rule 37-1…"

Here, Plaintiff sent a meet and confer letter to Defendant. The final, July 2, 2018, letter outlines the specific discovery issue and the preferred solution. Further, Plaintiff extended an invitation to Defendant to contact Plaintiff should counsel wish to meet and confer further. See McAllister Dec. at ¶ 7; Exhibit 3. Plaintiff was willing to make all arrangements to discuss the discovery dispute had Defendants only provided their availability, per Local Rules. However, to date, Plaintiff has received neither Initial Disclosures nor a response to the meet and confer. Under these circumstances— where opposing counsel has failed to confer in a timely manner in accordance with Local Rule 37-1—there is no requirement placed upon Plaintiff to provide a Joint Stipulation.

### III. LEGAL ARGUMENT

Federal Rules of Civil Procedure rule 26(a)(1)(A) provides that a party, without awaiting a discovery request, must provide the other party initial discovery disclosures, including but not limited to: The names of witnesses, documents, and other tangible items a party may use to support its claims or defenses. Further, "[a] party must make its initial disclosures based on the information then reasonably available to it." Fed. R. Civ. P. 26(a)(1)(E). If a party fails to serve its Initial Disclosures, the other party is empowered to move to compel disclosures and/or appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A).

## A. Defendants Should Be Compelled to Serve Disclosures

Defendant has failed to serve Initial Disclosures, in violation of both the Federal Rules and the Joint Report. Further, Defendant continues to ignore their obligations with regard to disclosures, despite multiple attempts by Plaintiff to avoid judicial intervention. Service of Initial Disclosures is a routine and well-known step in litigation—one which applies to all and must be respected. Such a failure warrants an Order compelling disclosures.

## B. In the Alternative, This Court Should Issue an Exclusion Order with Regard to All Witnesses and Documents Currently Known to Defendants

When a party fails to serve a disclosure containing documents and/or witnesses as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, may: Inform the jury of the party's failure and/or may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Defendants can offer no justifiable excuse in refusing to provide disclosures. Further, Defendants have been—with the exception of Disclosures—actively participating in litigation. Thus, there can be no justifiable excuse for not serving disclosures. Further, this act is far from harmless; Plaintiff is eager to build his case and is unable to do so completely because of lack of information from the defendants. Because there is no justifiable excuse for not serving the disclosures, and this act is not harmless, this Court should prohibit Defendant from using any witness or document that was not initially disclosed to supply evidence of any defense at any stage in this litigation.

## V. FINAL STATEMENT AND REQUESTED RELIEF

Despite having nearly two months to do so, Defendant has flouted its Rule 26 obligations by completely failing to provide Plaintiff with their Initial Disclosures. There is no justifiable excuse for this failure, especially in light of their participation in the case generally. Moreover, Defendant has done so in the face of Plaintiff's good-faith attempt to resolve this dispute informally. Accordingly, Plaintiff requests that Defendant be ordered to serve Initial Disclosures. Otherwise, Plaintiff requests that this Court sanction Defendant by precluding it from introducing currently-known evidence at trial.

Dated: August 17, 2018         CENTER FOR DISABILITY ACCESS

By: /s/ Jennifer A. McAllister
Jennifer A. McAllister
Attorneys for Plaintiff