1

2  FRANK A. WEISER (S.B. #89780)
   Attorney at Law
3  3460 Wilshire Blvd., #1212
   Los Angeles, California 90010
4  (213) 384-6964 - (voice)
   (213) 383-7368 - (fax)
5  maimons@aol.com - (e-mail)

6
   Attorney for Defendant
7  TIRUPATI INVESTOR
   ENTERPRISES, INC.,
8  a California Corporation

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  SAMUEL LOVE,                      )   Case No: CV18-00834-DMG-PLA
                                      )
14                                    )   **DECLARATION OF JITENDRA**
                                      )   **TAILOR IN OPPOSITION TO**
15                                    )   **MOTION FOR SUMMARY**
                                      )   **JUDGMENT**
16                                    )
                                      )
17                                    )
                                      )
18                                    )
                                      )
19              Plaintiffs,           )
                                      )
20                                    )
                                      )
21  vs.                               )
                                      )
22  TIRUPATI INVESTOR ENTERPRISES,    )
    Inc., a California Corporation; and Does )
23  1-10,                             )
                                      )
24                                    )   DATE: May 31, 019
                                      )   TIME:  9:30 a.m.
25              Defendants.           )   CTRM: 8C
                                      )
26  _____

27

28
                              1

## DECLARATION OF JITENDRA TAILOR

I, JITENDRA TAILOR, do hereby declare:

1. I am a principal owner and director of the Defendant TIRUPATI INVESTOR ENTERPRISES, INC., A California Corporation ("Defendant") and I make this declaration in support of the instant opposition to the Plaintiff SAMUE:L LOVE'S ("Plaintiff") motion for summary judgment ("Motion").

2. I owns and operate the Sands Motel ("Motel") by and through the Defendant and the Motel is located at or about 10625Magnolia Avenue, Riverside California 92505.

3. I keep custody of the Motel's business records, including the guest registration cards, for the Motel.

4. I have reviewed the the Motel's business records, including the Motel guest registration cards, and there is no record of the Plaintiff ever registering at the Motel on March 5, 2018, or at any time prior or after such date.

5. I have reviewed the Motel's business records, including the Motel guest registration cards, and there is no record of the Plaintiff ever contacting the Motel to register at the Motel on March 5, 2018, or at any time prior or after such date.

6. The Motel has been operated by me since 2003 and this was the first lawsuit of this kind that the defendant has received.

7. The Motel prior to the filing of this lawsuit and another ADA lawsuit that it was served with as described later in this declaration, has serviced and had disabled guests in wheelchairs register and stay at the Motel since 2003, with approximately 2 such disabled guestsdoing so annually.

2

8.   None of the disabled guests in wheelchairs who have registered and stayed at the Motel since 2003 prior to the filing of this lawsuit and the other ADA lawsuit described later in this declaration has ever complained that the parking spaces reserved for persons with disabilities was inaccessible for them or caused them difficulty, discomfort, or frustration.

9.   Attached hereto as Exhibit "A" are pictures that I took on May 15, 2019 of the Motel's two (2) disabled parking spaces.

10.   There is clear signage and visibility of the parking spaces and I believe tthat there is enough space in the van accessible area for a wheelchair bound individual  to exit and then access the Motel's rooms and the fron desk area by way of the ramp.

11.   I believe the access aisle is not narrow for a disabled and wheelchair bound individual to access nor is the slope noticeable and as I have stated abopve, other disabled and wheelchair bound individuals have parked in the disabled parking spsces and registred and stayed at the motel prior to this lawsuit without any complaint or incident.

12.   I estimate based on my experience in operating the Motel since 2003 that it would cost approximately over $50,000.00 to change the van accessible disabled parking space and ramp in the manner that Plaintiff is requesting.

13.   The Motel is not generating suffiient revenue at this time to expend the cost over $50,000.00 to change the van accessible disabled parking space and ramp in the manner that Plaintiff is requesting.

14.   Attached hereto as Exhibit "B" are pictures that I took on May 15, 2019 of the Motel's from desk area and the special lowered transaction counter that the Motel has installed for disabled individuals including individuals with disabilities that prevent them from standing.

15. The special transaction counter installed for disabled individuals including individuals with disabilities is significantly lower than the regular transaction counter as I believe are demonstrated by Exhibit "B" and I believe the Motel is accomodating disabled and wheelchair bound individuals to enable them to register at the from desk.

16. On or about December 19, 2018, I was contacted and met with a Joel Pabelico, Senior Investigator of the Bureau of Investigation of the Riverside County County District Attorney's Office regarding what Mr. Pabelico told me at the time was an investigation he was conducting of complaints by business owners in the area of claimed frivolous disabled individuals ("ADA") lawsuits being filed against them.

17. Mr. Pabelico left me a business card indicating that he was a special investigator with the District Attorney's Office located at 3960 Orange St., Riverside, CA 92501 with a phone number of (951) 955-5400, a fax number of (951) 955-5682 and an e-mail address of a joelpabelico@rivcoda.org.

18. On or about June 15, 2018, I was personally served on behalf of the Motel and myself with another ADA lawsuit entitled James Rutherford v Sands Motel, et al., United States District Court Case No. CV18-0124-JFW-MRW ("Rutherford Case").

19. Mr. Weiser, my counsel in this case represented me in the Rutherford Case.

20.. I understand from Mr. Weiser that the court in the Rutherford case dismnissed the case on or about August 21, 2018.

21. I do not have a recollection or understanding at this time as to which lawsuit Mr. Psbelico was cintacting me about whether it was the Rutherford Case or this case, although Mr. Weiser believes it was the Rutherford Case.

4

22.   Nevertheless, cases such as this one and the Rutherford Case are a financial drain on small business owners such as me to defend.

23.   I do not believe that there is any credible evidence that the Plaintiff ever attempted to access the Motel on the claimed date of March 5, 2018, as I have stated above, and as I understand it the Plaintiff in his declaration and in the Complaint has not described what time of the day or night he came onto the Motel or the type and description of the vehicle he was in for me to be able to verify with the Motel's employees working that day whether they recall or recongnized the vehicle description.

24.   Therefore, I respectfully request that this motion be denied.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 16th day of May 2019 at Riverside, California.

JITENDRA TAILOR