FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

Attorney for Defendant
TIRUPATI INVESTOR ENTERPRISES, INC.,
A California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE, | Case No. CV18-00834-DMG-PLA |
| | STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | |
| vs. | |
| TIRUPATI INVESTOR ENTERPRISES, and Does 1-10, | |
| | DATE: May 31, 2019 |
| Defendants. | TIME: 9:30 a.m. |
| | CTRM: 8C |

1

Pursuant to Local Rule 56-1 of the Central District of California, Defendant TIRUPATI INVESTOR ENTERPRISES, INC., a California Corporation ("Defendant") hereby submits this Statement of Genuine Disputes of Material Fact in Opposition to the Motion for Summary Judgment filed by the Plaintiff SAMUEL LOVE ("Plaintiff").

## PLAINTIFF'S UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | DEFENDANT'S RESPONSE |
|---|---|
| 1. Samuel Love is parapalegic. He cannot walk and uses a wheelchair for mobility. | 1. Deny. Case is subject to dismissal for lack of standing. |
| 2. The Sands Motel ("Motel") is is located at or about 10625 Magnolia Avenue, Riverrside, California. | 2. Same response as response to fact 1. |
| 3. Defendant Tirupati Investor Enterprises, Inc. owns the property located at or about 10625 Magnolia Avenue, Riverside, California and did so in March 2018. | 3. Same response as response to fact 1. |
| 4. Defendant Tirupati Investor Enterprises, Inc. owns and operates the Sands Motel located at or about 10625 Magnolia Avenue, Riverside, California and did so in March 2018. | 4. Same response as response to fact 1.. |
| 5. On March 5, 2018, Mr. Love was shopping in the area and went to the Motel to check the rates and stay the night. | 5. Deny. Tailor Declration, paragraphs 1-5 and 16-23. Further, case is subject to dismissal for lack of standing. |

| UNCONTROVERTED FACTS | DEFENDANT'S RESPONSE |
|---|---|
| 6. As he drove into the parking lot of the Motel, he discovered that there were parking spaces provided for customers of the Motel, including two spaces marked as reserved for persons with disabilities. | Deny. Same response as respone to fact 5. |
| 7. The access aisle was narrow and neither of the designated accessible spaces were marked as "van accessible." | Deny. Same response as response to fact 5. And in addition, Tailor declaration, paragraphs 6-13, and exhibit "A". |
| 8. Additionally, the parking stalls and access aisle of the designated accessible parking spaces were not level and had noticeable slopes. | Deny. Same response as respone to facts 5 and 7. |
| 9. Mr. Love needs a parking space with a wider access aisle that is level with the parking space in order to exit his vehicle safely. | Deny. Same response as response to facts 5 and 7. |
| 10. Slopes in the parking space or access aisle can cause his wheelchair to roll away from him when he is transferring to and from his vehicle to his wheelchair. | Deny. Same response as response to facts 5 and 7. |
| 11. Because he could not safely park, he was deterred from further patronizing the property. These inaccessiblr conditions caused Mr. Love difficulty, discomfort, and frustration. | Deny. Same response as response to facts 5 and 7. |
| 12. On April 18, 2018, Plaintiff's investigator, Evens Louis, conducted an investigation of the Motel. | Deny. Same response as response to fact 1. |

| UNCONTROVERTED FACTS | DEFENDANT'S RESPONSE |
|---|---|
| 13. He found that there were 44 parking in the off-street parking lot serving the Motel. | Deny..Same response as response to fact 1. |
| 14. There were 2 parking spaces marked and reserved for use by persons with disabilities each measuring 96 inches wide and a shared access aisle measuring 68 inches wide. | Deny. Same response as response to facts 1, 5 and 7. |
| 15. The parking spaces and access aisle had slopes ranging from 3.3% to 3.5% gradient. | Deny, Same response as response to facts 1, 5, and 7. |
| 16. The transaction counter inside the Motel measured 42 inches high. | Deny. Same response as response to facts 1, 5, and 7. Further, Tailor declaration, parahraphs 14-15 and exhibit "B". |
| 17. Mr. Love would like the ability to safely and independently access and patronize the Motel. | Deny. Same response as response to facts 1 and 5. |
| 18. Mr. Love travels to Riverside often to eat and shop on a regular basis. | Deny. Same response as response to facts 1.and 5. |
| 19. Once the violations are removed he intends to return to the Motel whenever he is in the area and the need arises. | Deny. Same response as response to facts 1 and 5. |

DATED: May 17, 2019

Respectfully submitted,

LAW OFFICES OF RANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for
TIRUPATI INVESTOR ENTERPRISES,
INC., A California Corporation

4