FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Defendant
TIRUPATI INVESTOR
ENTERPRISES, INC.,
a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>Plaintiffs,<br><br>vs.<br><br>TIRUPATI INVESTOR ENTERPRISES, and Does 1-10,<br><br>Defendants. | Case No: CV18-00834-DMG-PLA<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>DATE: May 31, 2019<br>TIME: 9:30 a.m.<br>CTRM: 8C |

1

I.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   INTRODUCTION**

"Though the [ADA's] purpose is 'sweeping,' and its mandate 'comprehensive,' the ADA's reach is not unlimited. Rather, as with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisy the case or controversy requirement of Artile III by demonstrating his standing to sue **at each stage of the litigation.**" Chapman v Pier 1 Imports, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (internal citations omitted) (emphasis added). The burden of establishing Article III standing is plaintiff's requirement. Id.

In order to establish standing, plaintiff must demoinstrate that he has suffered an injury-in-fact, that the injury is traceable to defendant's actions, and that the injury can be rederessed by a favorable decision. Id.

"In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a 'real and immediate threat of repeated injury' in the future." Id. (internal citations omitted).

In the case at bar, as will be argued, plaintiff lacked standing from the inception of the litigation. and even if he did not lack standing when the case was filed, he lacks standing to pursue injunctive relief. As the Ninth Circuit held in its en banc opinion in Chapman, plaintiff cannot invoke this Court's jurisdiction and remedy standing at the summary judgment stage when its original failed to do so. Rather, he must demonstrate

2

standing "at all stages of the litigation." Further, at a minimum, he cannot establish standing to pursue injunctive relief at this stage of the litigation.

Further, even if the threshold issue of standing could be overcome, there are triable issues as to whether the defendant's motel was in compliance with the ADA at the time of the alleged incident, and if not, whether any corrections to the motel are "readily achievable" under the ADA.

**B.    STANDARD OF REVIEW**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A genuine issue of fact exists where the non-movant presents evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. Anderson v. Liberty Lobby, 477 U.S. 242, 252-56 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255.

The court does not endeavor to weigh the evidence but only determines whether there is a factual dispute that precludes summary judgment. Jessinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1131 (9th Cir. 1994).

Only if no genuine issue as to a material fact is raised, may a court grant summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

C. **THE PLAINTIFF FAILED TO MEET ITS INITIAL BURDEN OF PRODUCTION IN BRINGING THE MOTION FOR SUMMARY JUDGMENT**

A threshold question with regard to the district court's grant of the City's motion for summary judgment is whether the City, as the moving party, carried its initial burden of production, and thus whether Patels, as the nonmoving parties, had an obligation to produce any evidence in response. A case in this circuit has clarified that a district court must not take it as a given that simply because a defendant produces affidavits that it has met its initial burden. Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099 (9th Cir. 2000).

In Nissan Fire, the Ninth Circuit analyzed the question extensively using the analytical framework provided by Celotex and a previous Supreme Court case, Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Recognizing that these two cases have caused some confusion in the lower courts, and that some academic commentators had previously considered them inconsistent, the court in Nissan Fire went into an extended analysis of both cases, treating both cases as consistent and seperate lines of authority as to how to analyze whether a moving party has met its initial burden of production.

After an extensive analysis of Adickes, the court held that a moving party without the ultimate burden of persuasion at trial does not carry its initial burden of production if it fails to produce affirmative evidence negating an essential element of the nonmoving party's claim or defense. Id. at 1105; citing also Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993) ("The party opposing [a motion for summary judgment] is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may

be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.").[1]

The court in Nissan Fire concluded that under Adickes and Celotex, a moving party without the ultimate burden of persuasion at trial may carry its initial burden of production by either of two methods. The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

The plaintiff has not set forth any facts in its separate statement about the facts surrounding the present compliance of defendant's motel. Rather, the plaintiff only claims evidence of ADA violations over a year ago. (See Plaintiff's Statrment of Uncontroverted Material Facts Nos. 1-16). Even as to those facts, plaintiff's expert was not at the motel at the time of the alleged incident on March 5, 2018, but rather claims to have visited the motel on April 18, 2018 as to the claimed inspection of whether the motel meets the objective requirements under the ADA.

The plaintiff has not met its initial burden and on these grounds alone the motion should be denied..

5

---

[1] Quoting Adickes, "'No defense to an insufficient showing is required.'"). Id. at 1105 (internal citations omitted).

### C. PLAINTIFF FAILED TO PLEAD STANDING TO PURSUE HIS CLAIMS

The Ninth Circuit in its en banc opinion in Chapman held that a plaintiff must plead and prove a particularized injury, wheher the injury is objectuve (physical or economic), or subjective (emotional or aesthetic). Chapman, 531 F.3d at 957-958 ("By particularized, we mean the injury must affect the plaintiff in a personal and individual way.").

While this motion attempts to do so as plaintiff's claimed encounter with the motel's ADA parking spaces, the complaint failed to do the same. (See Complaint, Civil Docket 1 and 23-7 attached to plainrtiff's motion). Unlike this motion, the complaint did specify how the claimed ADA violations regarding the parking particularly caused plaintiff's injury-in-fact. (See Complaint, paragraphs 10-29). Rather, the complaint pleads that he simply encountered an ADA barruer but did not plead (as it attempts in this motion) causation - how the barrier caused his particularized injury-in-fact, how they related to plaintriff's disability and denied him "full and equal access" to the motel. Chapman, 531 F.3d at 958-959.

This type of error is exactly what the Ninth Circuit in its en banc opinion in Chapman corrected in its opinion in vacating the grant of summary judgment and remanding to the district court to dismiss the case. In Chapman. the district court granted the plaintiff's motion for summary judgment as to some of the alleged barriers. On appeal, the panel reversed, but the en banc court held that Chapman had failedto allege and prove that he personally suffered discrimination as to encountered barriers on account of his diaability. Chapman, 531 F.3d at 944, 954-956 ("Chapman does not even attempt to relate the alleged violations to his disability."). Chapman, 531 F.3d at 955.

The existence of Article III standing is not subject to waiver. <u>Chapman</u>, 531 F.3d at 954 (citing United States v Hays, 515 U.S. 737, 742 (1995)).

As plaintiff has not plead sufficiently causation as toi how his alleged encounter with the parking barriers caused a particularized injury-in-fact, his non-encounter with the claimed barrier regarding the transaction counter at the front desk fails. <u>Chapman</u>, 531 F.3d at 951-953. .

Further, even if the pleading requirements were met, injunctive relief is improper. Plaintiff claims to have visited the motel on March 5, 2018. There is no evidence in this motion as to the present condition of the motel to rebut defendant's declaration as to the present condition of the motel. (See defendant's Statement of Genuine Disputes of Material Facts in Opposition to Motion for Summary Judgment, facts 5-16).

At a minimum, even if the alleged barriers once existed at the time of plaintiff's original visit, facts defendant denies, they do not continue to exist for purposes of injunctuve relief.

**D.    THERE IS A TRIABLE ISSUE AS TO PLAINTIFF'S CLAIMED INJURY-IN-FACT**

Because the ADA establishes the technical standards required for "full and equal enjoyment" of a public accomodation, plaintiff must prove that on Msrch 5, 2018, the date of his alleged visit to the motel, that the alleged barriers failed to meet the technical requirements of the ADA. <u>Chapman</u>, 531 F.3d at 947. He attempts to do so after the fact by way of his expert's alleged visit to the motel on April 18, 2018.

However, defendant has countered this evidence. See defendant's Statement of Genuine Disputes of Material Facts in Opposition to Motion for Summary Judgment, facts 5-16).

The issue cannot be decided as a matter of law by way of this motion.

**E.  THERE IS A TRIABLE ISSUE AS TO WHETHER ALLEGED REMEDIATION OF THE BARRIERS IS READILY ACHIEVABLE**

The alleged corrections to the barriers plaintiff requests would cost over $50,000.00 which defendant cannot afford at this time. See defendant's Statement of Genuine Disputes of Material Facts in Opposition to Motion for Summary Judgment, facts 13-16, see Tailor Declaration, paragraphs 12-13).

In the context of plaintiff's motel, discrimination under the ADA requires "a failue to remove architectual barriers . . . where such removal is readily achievable." Chapman, 531 F.3d at 945, 42 U.S.C. Sections 12182(b)(2)(A)(iv) and 12181(9).

There is a triable issue as to whether the alleged barriers are readily achievable.

## II.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the City's motion to dismiss be denied.

DATED: May 17, 2019

Respectfully submitted.

LAW OFFICES OF RANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Defendant TIRUPATI INVESTOR ENTERPRISES, INC., a California Corporation