CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br><br>　　　Plaintiff, <br><br>　　v. <br><br>**Tirupati Investor Enterprises, Inc.**, a California Corporation; and Does 1-10, <br><br>　　　Defendants. | **Case No**. 5:18-cv-00834-DMG-PLA <br><br> **Memorandum of Points and Authorities in Support of Plaintiff's Motion to Enforce Settlement** <br><br> **Date:**　November 8, 2019 <br> **Time:**　9:30 a.m. <br> **Courtroom:** 8c <br><br> Hon. Dolly M. Gee |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual History

In July 2019, following a grant of summary judgment on the issue of Unruh liability, Counsel for Plaintiff, Chris Seabock and, for Defendant, Frank Weiser, agreed to settle this matter for the sum of $17,000. On July 9, 2019, the settlement agreement was signed by all parties. (Exhibit 2) That agreement was to be consummated within 90 days, with a delayed remediation plan into the end of 2019. Despite Plaintiff's reliance on Defendant's promises to render the settlement payment 90 days later as per the fully executed settlement agreement, Plaintiff has yet to receive the settlement payment.

## III. Legal Standard

Federal courts apply principles of local law to the construction and enforcement of settlement agreements, even where federal causes of action are at issue. *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004). Under California law, evidence as to parties' understanding and intent in taking what actions they did [related to executing a contract] is admissible to assist the court in ascertaining when or whether a binding agreement was ever reached. *Banner Entm't, Inc. v. Superior Court (Alchemy Filmworks, Inc.)*, 62 Cal. App. 4th 348, 72 Cal. Rptr. 2d 598 (1998), *as modified* (Mar. 30, 1998). In making a determination whether the parties have entered into an enforceable settlement, the trial court acts as the trier of fact and may consider oral testimony or may determine the motion upon declarations alone. *Id*.

Plaintiff therefore respectfully requests that this court enter judgment pursuant to Section 664.6, which permits the trial court judge to enter judgment on a settlement agreement without the need for a new lawsuit. *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809–810. The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 "are subject to limited appellate review

2

and will not be disturbed if supported by substantial evidence." *Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162, 64 Cal.Rptr.2d 571.

Further, California has strong public policy favoring settlement agreements in civil litigation. *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1357 (2007). "Strong public policy in favor of the settlement of civil cases gives the trial court… the power to enforce it. In ruling on a motion to enforce settlement, it necessarily has the power to resolve factual disputes relating to the agreement" (where the Court of Appeals affirmed that the trial court properly used its inherent powers to extend the deadline for performance in favor of a party who was not at fault and against a party who was at fault). *Id*.

## IV. Evidence of a Binding Contract

Evidence of all necessary pieces to show a binding contract justifying entry of judgment exists in this matter.

### a. Section 664.6

Here, Plaintiff and Defendant fully executed a settlement agreement. (Exhibit 2) On February 12, 2019, plaintiff filed a notice of settlement with the court. Despite a fully executed settlement agreement, and Plaintiff's agreement to give defendant an extended payment period, defendant has not performed under the signed settlement agreement.

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

§ 664.6. Entry of judgment pursuant to terms of stipulation for settlement. Section 664.6 applies here. Plaintiff and Defendant fully executed the settlement agreement

and confirmed the existence of that agreement. The executed settlement agreement between the parties disposes of the lawsuit in exchange for a certain sum of money in exchange for mutual releases. Though the lawsuit has been disposed of via the included waivers, defendant has not paid any money to plaintiff under the contract. This is in violation of the executed settlement agreement (See Exhibit 2). Plaintiff therefore requests this court enter judgment pursuant to the terms of the settlement agreement. (See *Osumi*, at 1355). Plaintiff also requests this court retain jurisdiction for the purposes of enforcing settlement as while there is a signed settlement agreement, defendant has never performed under this agreement and remediation as agreed remains pending. Plaintiff has followed up with defense counsel to no avail: defendant will not perform under the settlement agreement, which calls for payment of $17,000 from defendant to plaintiff for plaintiff's dismissal of the suit (see Ex. 2 (Executed Settlement Agreement)).

### b. Meeting of the Minds

It is well-known in Contract Law that a contract does not exist unless there is a meeting of the minds. Such a meeting of the minds occurred when both parties had assented to the settlement agreement, and the agreement was fully executed by both parties. Plaintiff worked to fulfill his side of the bargain: 1) he had already filed a Notice of Settlement; 2) Plaintiff and defendant had already signed the Settlement Agreement; 3) Plaintiff followed up with the Defendant to confirm Defendant would perform under the contract. There has been a meeting of the minds with agreed upon valuable consideration (dismissal of the suit for $17,000 and an agreement to remediate). Plaintiff still awaits defendant's performance.

"[I]t is for the trial court to determine from the evidence whether a contract was proven, and all reasonable inferences are to be indulged in to support the findings. *Goad v. Rogers* (1951) 103 Cal. App. 2d 294, 299. The court should find that settlement was reached (there is a fully executed settlement agreement), and defendant is in breach. Defendant should be ordered to perform under the settlement agreement.

### c. Defendant Lacks Good Faith and Fair Dealing

California law implies in every contract the covenant of good faith and fair dealing. *Guz v. Bechtel Nat'l Inc.* (2000) 24 Cal. 4th 317, 349. The implied covenant prevents one of the contracting parties from unfairly frustrating the other party's right to receive the benefits of the agreement. *Id.* "A claim for breach of the implied covenant of good faith and fair dealing requires the same elements [as a claim for breach of contract], except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting." *Levy v. JP Morgan Chase* (S.D. Cal. 2010) 2010 WL 4641033, at 3 (applying California law).

When examining Defendant's actions, there is a dearth of evidence demonstrable of good faith and fair dealing. By all accounts, Defendant signed the settlement agreement and continually re-ratified the existence of the agreement in further communications. Thereafter, and still, Defendant has not performed under the settlement agreement (payment of $17,000 to plaintiff for dismissal of the suit).

Defendant's actions have absolutely deprived Plaintiff of a benefit conferred by the contract. Plaintiff has waived his claims under the agreement and Defendant has not performed under the settlement agreement. Defendant has avoided in every way performing under the settlement agreement which it signed. On the other hand, Defendant, through bath faith and unfair dealings, is not defending this lawsuit anymore, yet it never performed under the contract. Defendant owes Plaintiff $17,000.

Although a judge hearing a motion to enforce settlement may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment, nothing in statute on entry of judgment pursuant to terms of stipulation for settlement

5

Memorandum of Points and Authorities                    5:18-cv-00834-DMG-PLA

authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon.

The Court should find that there is a valid contract; that defendant breached its duty of performance; that it lacks good faith and fair dealing, and that this failure of good faith and fair dealing has substantially prejudiced the basis of the bargain for Plaintiff, who cannot get a fair outcome without the Court's enforcement of the executed settlement agreement. "Once the parties have reached a settlement, they may not escape their obligations..." *Osumi v. Sutton* (2007) 151 Cal. App. 4th 1355.

Plaintiff has been prejudiced in this matter. Rather than continuing to litigate the remaining issues pertaining to injunctive relief, he compromised the attorney's fees portion of his claim for a fraction of value for a date certain remediation of the complained barriers. He has no confidence remediation will occur and he has been denied the monetary compensation that was awarded to him on summary judgment.

## IV. CONCLUSION

Plaintiff respectfully requests this Court enforce the Settlement Agreement by issuing a judgment per the terms of the settlement agreement, which was fully executed wherein Defendant is to pay Plaintiff $17,000 with an agreement to remove barriers to access in exchange for dismissal of the suit.

Dated: October 8, 2019       CENTER FOR DISABILITY ACCESS

By: ___/s/ Dennis Price_____
    Dennis Price, Esq.
    Attorneys for Plaintiff

6

Memorandum of Points and Authorities                                        5:18-cv-00834-DMG-PLA